UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-01090 VAP (SPx)                              Date:  July 29, 2011

Title:    DIANE WILLIAMS -v- GREYHOUND LINES, INC.; DOES 1 TO 30
================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR
PLAINTIFFS:

None

ATTORNEYS PRESENT FOR
DEFENDANTS:

None

PROCEEDINGS:    MINUTE ORDER TO SHOW CAUSE RE: AMOUNT IN CONTROVERSY FOR DIVERSITY JURISDICTION (IN CHAMBERS)

   On April 22, 2011, Plaintiff Diane Williams ("Plaintiff") filed a complaint in the California Superior Court for the County of San Bernardino ("Complaint") against Defendant Greyhound Lines, Inc. ("Defendant") for negligence.  (Doc. No. 1 (Not. of Removal), Ex. 1 (Compl.).)  Defendant removed the action to this Court on July 12, 2011, on the basis of the Court's diversity jurisdiction.  (See Not. of Removal.)  The Court, after review, finds that it is not apparent from the face of the Complaint that the amount in controversy is sufficient for diversity jurisdiction, nor has the Defendant met its burden of proving the existence of a sufficient amount.  See 28 U.S.C. § 1332(a); Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992).

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. See, e.g., Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009); see also, Gaus, 980 F.2d at 566-67 (holding that when it is unclear what amount of damages the plaintiff has sought, the defendant bears the burden of proving a sufficient amount in controversy for diversity jurisdiction). Federal diversity jurisdiction requires both complete diversity of the parties, which Defendant has alleged, and an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332(a). A removing party may meet its burden by submitting evidence that establishes that, at the time it removed the complaint, it was more likely than not that the amount in controversy exceeded $75,000.00. Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997) (holding that defendant could submit declarations to meet its burden).

As Plaintiff does not allege the amount in controversy and it is not otherwise clear from the face of the Complaint, Defendant bears the burden of proving the existence of the amount in controversy by a preponderance of the evidence. Sanchez v. Monumental Life Ins. Co.,102 F.3d 398, 403-04 (9th Cir. 1996). Here, Defendant alleges that Plaintiff's head and shoulder injuries will require ongoing medical care and surgery, and that "nothing in the complaint suggests any limitation of the damages sought by Plaintiff to $75,000 or less." (Not. of Removal ¶ 12.) Although the statement submitted by Plaintiff with the Complaint supports the assertion that surgery will be required, it does not offer any evidence showing that the costs will exceed $75,000.00. (Not. of Removal, Ex. 3.) Furthermore, Defendant's Notice of Removal does not offer any evidence showing that the costs and damages are more likely than not to exceed the jurisdictional amount.

Accordingly, the Court ORDERS Defendant to show cause in writing, no later than August 5, 2011, why this action should not be remanded to the California Superior Court for the County of San Bernardino due to the absence of subject matter jurisdiction of this Court. Plaintiff's response, if any, shall be filed no later than August 12, 2011.

**IT IS SO ORDERED.**